McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP
Attorneys at Law
88 Pine Street
24th Floor
New York, New York 10005
(212) 483-9490
Attorneys for Plaintiff,
Massachusetts Mutual Life Insurance Company

By: _____
    Randi F. Knepper, Esq.

| | |
|---|---|
| MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY, | : UNITED STATES DISTRICT COURT<br>: SOUTHERN DISTRICT OF<br>: NEW YORK |
| Plaintiff, | : |
| vs. | : CIVIL ACTION NO.: 07-cv-8453 |
| DANA LEVY, ANDREW LEVY, AND SUSAN ("SUZANNE") WEISSMAN, | : |
| Defendants. | : |

## CIVIL ACTION – INTERPLEADER COMPLAINT

Massachusetts Mutual Life Insurance Company ("MassMutual"), by way of Interpleader Complaint against Dana Levy, Andrew Levy and Susan Weissman, a/k/a "Suzanne Weissman" (referred to hereinafter as "Suzanne Weissman"), alleges and says:

### JURISDICTION

1.  Interpleader plaintiff MassMutual is an insurance company organized under the laws of and maintaining a principal place of business in Massachusetts. MassMutual is a citizen of the Commonwealth of Massachusetts.

2. Upon information and belief, Dana Levy is the daughter of David Levy, deceased (the "Decedent"), maintains her principal residence at 531 Main Street, New York, NY 10044 and is a resident of New York within the meaning and intent of 28 U.S.C. § 1335.

3. Upon information and belief, Andrew Levy, is the son of the Decedent, maintains his principal residence in Pittsfield, Massachusetts and is a resident of Pittsfield, Massachusetts within the meaning and intent of 28 U.S.C. § 1335.

4. Upon information and belief, Suzanne Weissman, was a friend of the Decedent, maintains her primary residence at 429 East 52nd Street, Apt. 31B, New York, NY, and is a resident of New York within the meaning and intent of 28 U.S.C. § 1335.

5. This Court has subject matter jurisdiction over this interpleader action pursuant to 28 U.S.C. § 1335, as there is minimal diversity between the contesting claimants and more than $500.00 at issue.

6. Venue is proper in the United States District Court, Southern District of New York, pursuant to U.S.C. § 1397, as it is a judicial district where one or more of the claimants reside.

### CAUSE OF ACTION IN INTERPLEADER

7. In or around January 1992, Decedent applied and MassMutual issued a policy of term life insurance to Decedent, bearing policy number 8755381, with the face amount of $150,000.00.

8. At the time Decedent applied for insurance, he named his then wife, Ellen Levy, as his primary beneficiary, and "the children of the insured to share equally" as his secondary beneficiaries.

9. The policy contains the following provision with respect change of beneficiaries:

> The Owner or any Beneficiary may be changed while the Insured is

2

> living. We do not limit the number of changes that may be made. To make a change, a written request, satisfactory to us, must be received at our Home Office. The change will take effect as of the date the request is signed, even if the Insured dies before we receive it. Each change will be subject to any payment we made or other action we took before receiving the request.

10. In 1998, Decedent exchanged policy number 8755381 for policy number 11028318.

11. On or about July 25, 2007, MassMutual received a Change of Beneficiary form bearing David Levy's signature, requesting that the beneficiaries of his policy be changed to Suzanne Weissman, who was identified as his friend, to receive $80,000.00, and Dana Levy, who was identified as his daughter, to received $70,000.00.

12. On August 29, 2007, Decedent died.

13. Following the death of Decedent, MassMutual received a Life Insurance Claim Packet from Suzanne Weissman seeking a portion of the benefits due under policy no. 11028318 as a result of the death of Decedent.

14. MassMutual also received correspondence from Ellen Levy, the mother of Andrew Levy and Dana Levy, stating:

> I, Ellen Levy, parent of Andrew Levy, am making this claim on his behalf, as he is a SSI recipient and was to have received his share of the insurance proceeds in trust, as under the stipulation agreement dated March 1997. No trust has been established and no payment has been received to date.

15. MassMutual has also been provided with a Stipulation of Settlement entered into in the action entitled, "Ellen Levy v. David Levy," filed in the Supreme Court, State of New York, County of New York, bearing index no. 97-302698.

16. This Stipulation of Settlement provides as follows with respect to insurance:

> 1. The Husband represents and warrants that there is presently in full force and effect a term insurance policy with Mass Mutual Insurance, policy # 8755381, on his life held in the face of amount of One Hundred and Fifty Thousand Dollar [sic] ($150,000.00). The Husband agrees that at all times, after the date hereof he shall maintain in full force and effect (free form [sic] all liens, claims and encumbrances) this life insurance policy on his life in a face amount of One Hundred and Fifty Thousand Dollar [sic] ($150,000.00) for the benefit of the children of the marriage and shall designate both ANDREW and DANA as the irrevocable beneficiaries thereof. ANDREW'S share shall be held in the form of a trust.

17. This Stipulation of Settlement contradicts the Change of Beneficiary form.

18. There are competing claims to the benefits of policy number 11028318.

19. By correspondence dated September 25, 2007, Suzanne Weissman requested to be paid the proceeds of the policy and that she be provided an explanation as to why benefits were delayed.

20. By correspondence dated September 26, 2007, Gary Greenberg, Esq., stated that he represented Suzanne Weissman, made a demand for her share of the proceeds and advised if "the proceeds are paid to anyone other than her, she will hold Mass Mutual liable for all damages."

21. By correspondence dated September 26, 2007, MassMutual notified Dana Levy, Suzanne Weissman and Andrew Levy c/o Ellen Levy of the basis for the competing claims and that there may be a need to interplead the benefits.

22. By reason of the actual competing claims, MassMutual is exposed to multiple liability.

23. MassMutual as a mere stockholder, has no interest (except to recover its attorneys' fees and costs of this action), in the remaining benefits payable and respectfully requests that this Court determine to whom said benefits should be paid.

24. MassMutual is ready, willing and able to pay the benefit amount of $150,000.00 (plus applicable interest, if any) in accordance with the terms of the policy.

25. MassMutual has not brought this Interpleader Complaint at the request of any or all of the claimants; there is no fraud or collusion between MassMutual and or all of the claimants; and MassMutual brings this Interpleader Complaint of its own free will and to avoid being vexed and harassed by conflicting multiple claims.

26. Concurrently with the filing of this Interpleader Complaint, MassMutual shall deposit the aforesaid $150,000.00, plus interest, if any, with the Clerk of the Court and request that the Clerk place said money into an interest bearing account as allowed and provided by law.

WHEREFORE, MassMutual demands judgment as follows:

a) Requiring the defendants to answer this Complaint in Interpleader and litigate between themselves their rights to the remaining benefits due under the policy;

b) Declaring and adjudging that upon MassMutual's payment of the benefit of the benefit due under the policy to the Clerk of the United States District Court or as otherwise directed by the Court, MassMutual and its past, present and future parents, subsidiaries, affiliates, successors, assignees, agents, producers, servants, employees, officers, directors, principals, representatives, attorneys and insurers be and hereby shall be wholly and completely discharged and absolved from any further liability of whatsoever nature to each of the defendants and any other claimant for the benefits arising under the policy as the result of the death of the Decedent;

c) Enjoining all of the defendants, and all persons or parties claiming through them or through some other right, from instituting or prosecuting any proceeding in any state or United States

court against MassMutual based upon the subject matter of this interpleader action pursuant to 28 U.S.C. § 2361;

d) Awarding MassMutual reasonable attorney's fees plus the cost of adjudicating this interpleader, to be paid out of the life insurance benefit at issue;

e) Order any other and further relief that this Court deems just and proper.

    McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP
Attorneys for Plaintiff,
Massachusetts Mutual Life Insurance Company

Dated: September 28, 2007

999310_1.doc

By: _____
Randi F. Knepper, Esq.
Attorneys at Law
88 Pine Street
24th Floor
New York, New York 10005
(212) 483-9490
rknepper@mdmc-law.com